### AALTO v BISHOP et

Ohio Appeals, 7th Dist, Mahoning Co
Decided Oct 11, 1929

P. J. Melillo, Max Brunswick and T. E. Antonelli, all of Youngstown, for Aalto.
Jas. S. Cooper, Youngstown, for Bishop, et.

FARR, J.

It is urged here that this verdict and judgment are contrary to and against the weight of the evidence and contrary to law. The record discloses that the defendant trustees were in charge of this unimproved highway, and that in their employ was a Road Superintendent by the name of Beard. If liability attaches in this case, it is under **3298-17 GC,** which reads as follows:

**"Liability of Township Trustees for damages.** Each board of township trustees shall be liable in its official capacity for damages received by any person, firm or corporation by reason of the negligence or carelessness of said board of trustees in the discharge of its official duties."

And it is urged here that it was the duty of these township trustees to have so maintained this road that there would have been no ruts or depressions in it. On the other hand, it is insisted that Aalto had passed over the road the day before and that he was chargeable with knowledge of the condition of the road. Aalto upon the witness stand testified as follows; at page 35:

"Q Had you noticed any other holes along the 400 feet from Savon's home until you stepped into this hole?

A The whole road was full of holes."

Gus List testified for plaintiff and at page 85 of the record says that the road was in fair condition for that time of year. So that the issue to be determined here is whether or not after having traveled over the road the day before in day light, and in view of his statement that the road was full of holes, and having started out after dark in the evening of February 27th, and sustaining this injury, Aalto is entitled to recover therefor.

It is a well settled principle of law in this jurisdiction, as well as in many others, that he who goes in a place of known danger can not recover for injuries if sustained, and as supporting this view the case of **Village of Conneaut v. Naef, 54 Oh St, 529,** is interesting. The syllabus is as follows:

"One who goes voluntarily upon an accumulation of ice on a walk of a village can not maintain an action against such village for a personal injury resulting to him, if the source of danger is plainly visible."

Another case in line with the above is **May Company v. Cummings, 17 C. C., N. S., 548.** The syllabus reads as follows:

"One who goes upon an escalader with knowledge that it is out of order and in a dangerous condition, can not recover if she is injured by reason of the defect of which she knew."

And conclusive upon this proposition is the case of **City of Norwalk v. Tuttle, 73 Oh St, 242.** The second proposition of the syllabus reads as follows:

"One who voluntarily goes upon a sidewalk of a city which is obviously and by him known to be in a dangerous condition, can not recover on account of injuries which he may thereby sustain, even if the negligence of the city is admitted or shown. **Schaeffer v. City of Sandusky, 33 Oh St, 246,** and **Village of Conneaut v. Naef, 84 Oh St,**

529, approved and followed."

In the instant case this injury was sustained in the winter season at a time when it is difficult to kep unimproved roads in good condition, the rain and snow of the winter time having its effect upon the surface of the road, traffic over it having the effect to cut in and make depressions and ruts. It can not be said but what the road was at least, in the light of the testimony of List, in reasonable condition, having in mind the time of year, but that is not the only proposition of importance here. Aalto says that he went over the road the day before, that it was full of ruts, and then testified that on this evening, walking on the west side of the road where there was this deep rut, and of which he is charged with having knowledge because of having had the opportunity to see the rut or depression, he went out upon this highway with the knowledge of its condition. It may be said that no sidewalks were provided on either side of this highway. That is true. Such is not customary along public highways in the country, and this was outside a municipality, and the inquiry might be what could Aalto have done which would have inured to his safety? The answer is that he could have carried a light which would have shown him this dangerous depression, but he went upon this roadway, a place of known danger, and he failed to take heed for his own safety. He stepped into the depression and was injured. The conclusion reached by the jury was correct and the judgment therefore must be affirmed.

Pollock and Roberts, JJ, concur.